**Larry Michael VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00732–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1998.

Brian Wice, Houston, for appellants.

Barbara Anne Drumheller, Houston, for appellee.

Before Justices ANDERSON, EDELMAN, and SEARS.*

## OPINION

ROSS A. SEARS, Justice (Assigned).

Appellant, Larry Michael Vaughn, pleaded not guilty to the offense of resisting arrest. *See* TEX. PENAL CODE ANN. § 38.03 (Vernon 1994). He was convicted, and the trial court

_____

\* Senior Justice Ross A. Sears sitting by assign-

assessed punishment at 150 days in the Harris County Jail. In three points of error, appellant contends (1) the evidence is legally insufficient to support his conviction as alleged in the information; (2) the evidence is factually insufficient to support the jury's findings as alleged in the information; and (3) the trial court erred by denying appellant's request for a jury instruction to disregard the prosecutor's improper argument. We reverse and dismiss.

## Background

Christina Caldera, an apartment manager for Sandpiper Apartments, saw a group of young men about to enter the apartment premises and believed they were trespassing. Caldera called the Houston Police Department to investigate. Two officers responded, and Caldera showed the officers where the men were located. When the officers approached the men, none of them were committing or attempting to commit any crimes, and they did not attempt to flee. Officer Thompson requested identification, but none was produced. Officer Thompson requested the men face a nearby car and place their hands on it. They all complied. For safety purposes, the officers proceeded to pat down the individuals before investigating the alleged criminal trespass. As the officers searched the others, appellant raised his hands off the car on two occasions, and Officer Thompson warned him each time to replace them. Appellant raised his hands a third time. Thus, Officer Thompson approached him and placed a handcuff on one wrist. Appellant began to flail his arms, preventing Officer Thompson from securing the other wrist. Officer Thompson struggled with appellant, and with Officer Della's assistance, they handcuffed appellant. Officer Thompson stated that appellant was not under arrest but was being "detained" until he finished the pat down and completed his assessment of the situation. Subsequently, Officer Thompson arrested appellant for resisting arrest.

## Analysis

In appellant's first point of error, he challenges the legal sufficiency of the evi-

ment.

dence to support his conviction of the offense as charged in the information. Specifically, appellant argues that he was not under arrest, but was merely being detained prior to his search.

When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *See id.* This standard of review is the same for both direct and circumstantial evidence cases. *See Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App.1986).

The State charged appellant under section 38.03 of the Texas Penal Code. Three different offenses are covered in section 38.03—resisting arrest, resisting search, or resisting transportation.[1] *See* TEX. PENAL CODE ANN. § 38.03 (Vernon 1994). Appellant's information states:

> Defendant, on or about **JANUARY 30, 1997**, did then and there unlawfully intentionally PREVENTS [sic] a person he knows is A PEACE OFFICER from effecting AN ARREST of LARRY MICHAEL VAUGHN by using force against S.D. THOMPSON, namely BY STRIKING S.D. Thompson WITH HIS HANDS.

This information indicates the State charged appellant with resisting arrest, not resisting search. The State could have charged appellant alternatively with all three offenses which would have forced appellant to file a motion to quash the information and require the State to charge him more specifically.[2] *See Ferguson v. State*, 622 S.W.2d 846, 850 (Tex.Crim.App.1981). Rather, the State charged appellant specifically with resisting arrest, thus relieving appellant from defending against the other two offenses. Therefore, to convict appellant under this information, the State must prove beyond a reasonable doubt the following elements: (1) that the appellant intentionally (2) prevented or obstructed (3) a person he knows is a peace officer (4) from effecting an arrest (5) of himself (6) by using force against the peace officer.[3] *See* TEX. PENAL CODE § 38.03.

"A person is arrested when he has been actually placed under restraint or taken into custody." TEX.CODE CRIM. PROC. ANN. art. 15.22 (Vernon 1977). This has been interpreted such that "[a]n arrest occurs when a person's liberty of movement is restricted or restrained." *Burkes v. State*, 830 S.W.2d 922, 925 (Tex.Crim.App.1991) (citing *Hoag v. State*, 728 S.W.2d 375, 379 (Tex.Crim.App. 1987)). However, there is no bright-line rule as to what extent one's liberty must be restrained or restricted. *See Rhodes v. State*, 945 S.W.2d 115, 118 (Tex.Crim.App.1997) (holding that mere handcuffing is not always equivalent of an arrest). Whether a stop is an actual arrest or a detention to effect a search depends upon whether a reasonable person would believe the seizure would be brief given the totality of circumstances. *See Francis v. State*, 922 S.W.2d 176, 179 (Tex. Crim.App.1996). Although not conclusive, the officer's opinion as to whether the person was under arrest is a relevant and important

---

1. "A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer ... from effecting an *arrest, search, or transportation* of the actor or another by using force against the peace officer or another." TEX. PENAL CODE ANN. § 38.03 (Vernon 1994).

2. The State could have also charged appellant with evading detention. TEX. PENAL CODE ANN. § 38.04 (Vernon 1994) ("A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.").

3. This case is not to be confused with *Malik*, requiring sufficiency of the evidence points of error to be reviewed against the hypothetically correct jury charge when the charge has incorrectly elevated the State's burden of proof, because nothing was added to this information which would cause the State to prove more than is statutorily required. *See Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App.1997). Here, appellant was charged with resisting arrest, not resisting search, which is a completely different offense.

factor which must be considered. *See Burkes*, 830 S.W.2d at 925.

At trial, Officer Thompson testified when he and Officer Della approached the group of men, no one was committing any criminal acts or attempting to flee. After Thompson's unavailing request for identification, he ordered the men to place their hands on a nearby car to allow him and Officer Della to conduct a pat down. He stated that a pat down was required to ensure that the men did not have any "weapons or any kind of drugs."[4] Officer Thompson testified that all of the individuals were complying with his commands, but he wanted to search them before questioning to ensure his and Officer Della's safety. All of the State's witnesses testified that appellant lifted his hands off the car and was twice ordered to replace them. When appellant lifted his hands off the car the third time, Officer Thompson testified that he approached appellant and "basically put the cuffs on [him] just to detain him, just until I got a chance to search him." Officer Thompson also testified, "[appellant] wasn't under arrest, but he was resisting just me detaining him, just because of my safety purposes." Finally, Officer Thompson testified that appellant's action in flailing his arms did not constitute force directed against him, but was to avoid being handcuffed.

Based on Thompson's testimony, appellant was being "detained" so he could search him. Appellant was never under arrest, and Officer Thompson consistently testified he did not intend to arrest him, but merely search him. Calder, the apartment manager, testified that she never asked the officers to arrest appellant nor did she ever see him commit any criminal acts. In addition, the record reveals that appellant and the other men repeatedly asked what they had done to receive this type of treatment. Based on whether a reasonable person would believe this seizure to be an arrest or a detention given the totality of the circumstances, we find these facts demonstrate that there was no evidence that appellant was ever under arrest as charged but was being detained to assist the officers' search. The State could have charged appellant with resisting search or evading detention instead of charging him with resisting arrest.

When viewed in the light most favorable to the verdict, we hold that the evidence was legally insufficient to support appellant's conviction for the charged offense because no evidence established appellant was ever under arrest. Therefore, we grant appellant's first point of error.

We reverse the judgment of the trial court and order that appellant be acquitted.

---

4. It is important to note that *Terry v. Ohio* does not constitutionally authorize a search for drugs, only weapons. 392 U.S. 1, 21–22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).