Affirmed, Memorandum Opinion of August 30, 2005 Withdrawn, and
Substitute Opinion filed December 13, 2005









Affirmed, Memorandum Opinion of August 30, 2005
Withdrawn, and Substitute Opinion filed December 13, 2005.

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00441-CR

____________

 

EUGENE
MORRIS HARTIS, JR., Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from the County Court at Law

Austin County, Texas

Trial Court Cause No. 03CR23190

_______________________________________________________

 

S U B S T I T U T E   O P I N I O N

We withdraw our opinion of August 30, 2005, and issue this
substitute opinion. 








A jury convicted appellant Eugene
Morris Hartis, Jr. of resisting arrest or transportation, and the trial court
sentenced him to 180 days in jail and a $4,000 fine.[1]  In four issues, appellant challenges (1) the
legal and factual sufficiency of the evidence supporting his conviction; (2)
the trial court=s denial
of his motion for election; and (3) the trial court=s
admission of portions of a videotape evidencing his arrest.  We affirm.

I.  Factual and Procedural Background

The events at issue began with a
traffic stop by Officer William Palmer of the Sealy Police Department on
November 21, 2002 after he observed appellant exceeding the posted speed
limit.  Appellant insisted that he was
not speeding and refused to sign the citation. 
After Palmer informed appellant that he would be arrested if he did not
sign, appellant replied, AWell,
then, you do it.@  Appellant submitted to being handcuffed, but
struggled with Palmer as they walked to the patrol car.  The entire encounter was recorded on
videotape by a camera inside Palmer=s patrol
car.  Appellant was taken to the Austin
County Jail and was subsequently charged by information with Aprevent[ing]
or obstruct[ing]@ Palmer Afrom
effecting an arrest, a search, or transportation,@ a
violation of Tex. Pen. Code Ann. ' 38.03
(Vernon 2002).

Appellant made a motion for
election, stating that there are three ways in which one can commit an offense
violating Section 38.03, and asking the trial court to order the State to
identify which of these ways it would attempt to prove.  But, at the hearing on the motion, appellant
took a different position, and argued that this section actually constitutes
three different offenses, rather than three ways to commit a single offense;
therefore, the basis of appellant=s motion
is unclear.  Appellant also filed a
motion in limine, seeking to exclude a portion of the State=s
videotaped evidence.  The trial court
denied both motions.  At the conclusion
of the trial, the court issued a jury charge that asked jurors to determine
whether appellant was guilty of resisting arrest and also whether he was guilty
of resisting transportation.[2]  The jury unanimously found him guilty of each
individual charge.  








II.  Issues Presented

In four issues before us,
appellant challenges (1) the legal and factual sufficiency of the evidence
supporting a conviction for resisting arrest; (2) the legal and factual
sufficiency of the evidence supporting a conviction for resisting
transportation; (3) the trial court=s ruling
on his motion for election; and (4) the trial court=s ruling
on his motion in limine.  For the sake of
clarity, we address these issues chronologically, reflecting the order in which
they arose in the court below.  We
therefore turn first to appellant=s third
issue.

III.  Discussion

A.        Did the trial court err by denying
appellant=s motion to require the
State to elect a theory of prosecution under Section 38.03?

 

In appellant=s brief,
he argues the trial court erred in denying his motion to require election
because A[section
38.03] provided three ways to commit the offense and the state should be
required to specify the manner in which the [appellant] violated the statute.@  By denying his motion, appellant argues his
ability to prepare a defense was impacted because he Acould
have made different motions, pretrial motions, presented different evidence and
different motions for directed verdict.@  He also argues the trial court=s ruling Aclearly
confused the jury.@  Because we conclude that section 38.03 states
only one offense, and that appellant was on notice of the offense alleged in
the information, we overrule appellant=s third
issue.








The State is not required to
elect between separate manners and means of committing
the same offense.  Rodriguez
v. State, 970 S.W.2d 66, 69 (Tex. App.CHouston
[14th Dist.] 1998, pet. ref=d) (A[t]he
State may plead all three forms of delivery [of cocaine] and it may not be
forced to elect a particular method on which to prosecute@);
Braughton v. State, 749 S.W.2d 528, 530 (Tex. App.CCorpus
Christi 1988, pet. ref=d) (A[t]he
State need not elect between various theories alleged and the jury may consider
all theories and return a general verdict of guilty@) (citing
Cook v. State, 741 S.W.2d 928, 935 (Tex. Crim. App. 1987) (en banc) and Franklin
v. State, 606 S.W.2d 818, 821 (Tex. Crim. App. 1979) (en banc)).  Although a defendant may be charged multiple
times for committing the same offense in different ways,[3]
where only a single offense is charged, and when that offense can be committed
in more than one way, a defendant is entitled to be informed of the manner in
which he allegedly violated the statute. See Ferguson v. State, 622
S.W.2d 846, 850 (Tex. Crim. App. [Panel Op.] 1981). 

In addressing this issue, we must
first decide whether section 38.03 addresses more than one offense.  If it does, then appellant was entitled to
force the State to elect which offense it would attempt to prove.  But, if the statute instead addresses various
ways to commit a single offense, we must determine whether the State informed
appellant of the type of violation it would attempt to prove. 

1.         Section 38.03 addresses only one offense

Section 38.03 of the Texas Penal
Code states:

Resisting Arrest, Search, or Transportation

(a) A person commits an
offense if he intentionally prevents or obstructs a person he knows is a peace
officer or a person acting in a peace officer's presence and at his direction
from effecting an arrest, search, or transportation of the actor or another by
using force against the peace officer or another.

 








Tex. Pen. Code Ann. ' 38.03
(Vernon 2002).  Appellant argues arrest,
search, and transportation constitute three separate offenses, whereas the
State argues these words describe three different ways of committing a single
offense.  Although we approached the
issue in dicta in Vaughn v. State, 983 S.W.2d 860 (Tex. App.CHouston
[14th Dist.] 1998, no pet.), this is the first time that this court has been
asked to address this issue directly.  

In Vaughn, the defendant
pleaded not guilty to the offense of resisting arrest under section 38.03.  On appeal, he challenged both the legal and
factual sufficiency of the evidence to support his conviction of the offense as
charged in the information.  Id. at
861-862.  Vaughn=s
information stated:

Defendant, on or about
January 30, 1997, did then and there unlawfully intentionally PREVENTS [sic] a
person he knows is A PEACE OFFICER from effecting AN ARREST of LARRY MICHAEL
VAUGHN buy using force against S.D. THOMPSON, namely by STRIKING S.D. Thompson
WITH HIS HANDS.

 

Id.  To convict Vaughn under this
information, the State was required to prove beyond a reasonable doubt the
elements of the offense with which he was charged.  See id. at 862.  Those elements were (1) that the appellant
intentionally; (2) prevented or obstructed; (3) a person he knows is a peace
officer; (4) from effecting an arrest; (5) of himself; and (6) by using force
against the peace officer.  Id.  At trial, Officer Thompson testified that
Vaughn Awasn=t under
arrest, but he was resisting just me detaining him . . . .@  Id. at 863.  He further testified that Vaughn=s action
in flailing his arms did not constitute force directed against him, but was to
avoid being handcuffed.  Id.  We concluded that the evidence was legally
insufficient to support appellant=s
conviction because no evidence established defendant was ever under
arrest.  Id.  

Though
not necessary to the holding of the case, this court also stated:








Three different offenses
are covered in section 38.03Cresisting arrest, resisting search or resisting
transportation.  . . . The State could
have charged appellant alternatively with all three offenses which would have
forced appellant to file a motion to quash the information and require the
State to charge him more specifically.  See
Ferguson v. State, 622 S.W.2d 846, 850 (Tex. Crim. App. 1981).  Rather, the State charged appellant
specifically with resisting arrest, thus relieving appellant from defending
against the other two offenses.

 

Id. at
862.  As support for the conclusion that
resisting arrest, resisting search, and resisting transportation constitute
three separate offenses, this court merely restated the statute and cited to Ferguson.  Id. at n.1.  A closer reading of Ferguson,
however, reveals that Ferguson did not address a situation in which more
than one offense was or could have been alleged.  To the contrary, Ferguson explained
that there can be more than one type of act or omission by which a defendant
could commit the same offense.[4]

In Ferguson, the defendant was
charged with delivery of a controlled substance, and the Court noted that the
statute allowed Athree different and distinct ways of establishing the
accused=s criminal conduct.@ 
Ferguson, 622 S.W.2d at 622 (emphasis added).  The Court of Criminal Appeals found that the
type of delivery the State would attempt to prove would be critical to the
appellant=s defense, because the A>delivery= is the act by the appellant which
constitutes the criminal conduct.@  Id. 
Accordingly, the Court held that when there is more than one
distinct manner by which the defendant could have committed an offense, the
State must put the defendant on notice of the manner it intends to prove.  Id. 622 S.W.2d at 851.

Ferguson was
applicable to the facts in Vaughn, and would have dictated the same
result that Vaughn reached.  By
stating in the information that Vaughn resisted arrest, the State provided
notice to Vaughn that it intended to prove he committed an offense in that
manner.  But by stating only that
Vaughn resisted arrest, the State was limited to proving he violated section
38.03 in that manner only.  As a result,
Vaughn could not lawfully have been convicted by proof that showed only that he
resisted search or transportation.








Because Vaughn=s
references to section 38.03=s Athree
offenses@ are mere
dicta, no court has followed that language, nor do we feel bound to do so.  See Edwards v. Kaye, 9 S.W.3d 310, 314
(Tex. App.CHouston [14th Dist.] 1999, pet.
denied) (noting, ADictum is
not binding as precedent under stare decisis@). 
In Vaughn, we did not conduct a Aseparate offense@ analysis, nor did we refer to any of
the cases acknowledging that a single offense can be committed in different
ways.  See, e.g., Gibbons
v. State, 652 S.W.2d 413, 415 (Tex. Crim. App. [Panel Op.] 1983) (holding when
the penal statute provides multiple ways an offense may be committed, the
charging instrument must allege every alternative means of commission upon
which a conviction will be sought); Renfro v. State, 827 S.W.2d 532 (Tex.
App.CHouston
[1st Dist.] 1992, pet. ref=d)
(allowing each method of committing the same offense to be submitted
alternatively in the charge to jury); Finster v. State, 152 S.W.3d 215
(Tex. App.CDallas 2004, no pet.) (conducting
a Aseparate
offense@ analysis
on section 38.03 and concluding that it addresses one offense that can be
committed in a variety of ways). 
Although such analysis was unnecessary to the holding in Vaughn,
it is required in the present case.








Where a
statute proscribes different types of conduct, the use of the word Aor@ between
the descriptions of that conduct is some indication that the legislature
intended each to be a separate offense.  Vick
v. State, 991 S.W.2d 830, 832B33 (Tex.
Crim. App. 1999).  Such use is not
dispositive, however.[5]  In order to determine the number of offenses
addressed by the statute, we examine the language of the statute to identify
the conduct that constitutes a violation, and the object of the prohibited
conduct for whose benefit the statute was likely enacted.

In
section 38.03, the conduct proscribed is not Aeffecting
an arrest, search, or transportation;@ it is Aintentionally
prevent[ing] or obstruct[ing] . . . by using force.@  We must therefore determine if Apreventing@ and Aobstructing@ are
different types of conduct.  The
definitions of the word Aobstruct@ include Ato hinder
or prevent from progress, check, stop, . . . to impede; to interpose
impediments to the hindrance or frustration of some act or service, as to
obstruct an officer in the execution of his duty.@  Black=s Law Dictionary 1077 (6th ed. 1990).  APrevent@ is
similarly defined as Ato
hinder, frustrate, prohibit, impede, or preclude; to obstruct . . . [t]o stop
or intercept the approach, access, or performance of a thing.  Black=s Law Dictionary 1188 (6th ed. 1990).  Both words can be used to mean Ahinder,@ Aprevent,@ Astop,@ or Aimpede.@ Based on
the definitions and common usage of these words, we cannot conclude that they
describe different types of conduct.

The
object of the conduct is also relevant to the determination of the number of
offenses a statute proscribes.  A
defendant violates section 38.03 by intentionally preventing or obstructing a
peace officer or a person acting at a peace officer=s
direction Afrom effecting an arrest, search
or transportation . . . by using force . . . .@  In other words, the conduct proscribed is the
act of intentionally preventing or obstructing an authorized person from
effecting his duties.  See Finster,
152 S.W.3d at 219.  The particular duty the
defendant impedes Ais simply
another means by which a person could be interfering with a police officer in
effecting his duties.@  Id.  We therefore agree with the Fifth Court of
Appeals in finding that section 38.03 of the Texas Penal Code addresses a
variety of ways in which to commit a single offense.  See id. 








Because
the text of section 38.03 does not prohibit differing types of conduct, we do
not read the statute as describing different offenses.  Accordingly, we conclude the information did
not allege that appellant committed more than one offense, therefore the State
was not required to make an election.

2.         Appellant had notice of the type of violation alleged

Because the information charged
appellant with the commission of a single offense, our next inquiry focuses on
whether the State informed appellant of the type of violation it attempted to
prove.  The rule requiring the State to
elect serves four purposes: (1) ensuring unanimous verdicts; (2) giving the
defendant notice of the particular offense with which he is charged; (3)
protecting the accused from the introduction of extraneous offenses; and (4)
minimizing the risk that the jury may convict because the combined weight of
several offenses convinced the jury the defendant was guilty.  See Francis v. State, 36 S.W.3d 121, 123B25 (Tex. Crim. App. 2000) (en banc); O=Neal v. State, 746 S.W.2d 769, 772B73 (Tex. Crim. App. 1988) (en banc); Fisher
v. State, 33 Tex. 792, 794 (1870). 
We now examine whether these purposes were frustrated by the trial court=s ruling.

The need to ensure a unanimous
verdict is not  at issue.  At the hearing on the motion to require
election, the appellant and the State agreed to submit separate verdicts
regarding each way he allegedly violated the statute.  See Renfro v. State, 827 S.W.2d 532
(Tex. App.CHouston [1st Dist.] 1992, pet. ref=d) (allowing each method of
committing same offense alleged in indictment to be submitted alternatively in
charge to jury).  The jury unanimously found him guilty of
resisting arrest, and in a separate finding, unanimously found him guilty of
resisting transportation.  In other
words, the jury unanimously agreed on the facts supporting the conviction.  Based on these findings, the trial court
entered judgment on a single count of Aresisting
arrest or transportation.@ 








The third
and fourth purposes underlying a motion to elect are also not applicable
here.  We are not concerned with the
possible effect of extraneous or multiple offenses in this case because the
appellant was charged with only one offense. 
We are concerned instead with the whether the information provided
appellant with sufficient notice of the charged offense.








Appellant
focuses his argument on the second of the four goals.  He argues that the information impermissibly
alleged all of the ways in which the statute can be violated.[6]  Although it appears to be appellant=s
position that the State can charge him with only one way of violating section
38.03, Texas courts have identified the circumstances under which the State can
charge a defendant with committing a single offense in more than one
way.  If a statute sets out several ways
for committing an offense, and those ways embrace the same definition, are
punishable in same manner, and are not repugnant to each other, the State need
not elect between various theories alleged; rather, the jury may consider all
of the theories and return a general verdict of guilty.  See, e.g., Renfro, 827 S.W.2d at 536; Sperling
v. State, 924 S.W.2d 722, (Tex. App.CAmarillo
1996 pet. ref=d); State v. Garrett, 798
S.W.2d 311 (Tex. App.CHouston
[1st Dist.] 1990, aff=d, 824
S.W.2d 181 (Tex. Crim. App. 1992) (en banc)) (holding an indictment for
delivery of controlled substance that alleged the delivery was by actual
transfer, by constructive transfer, or by offer to sell, provided sufficient
notice to defendant that he should prepare to defend prosecution on all three
theories of delivery); see also, Carpenter v. State, 952 S.W.2d 1
(Tex. App.CSan Antonio 1997, aff=d, 979
S.W.2d 633) (finding an indictment paragraph stating defendant Adid then
and there, with the intent to defraud and harm Ernest Mireles, intentionally
remove, conceal, and impair the availability of a government record, to‑wit@ properly
alleged alternative ways of committing offense of tampering with government
documents and did not allege three different offenses in same count of
indictment); Kingsley v. State, 744 S.W.2d 191, 194 (Tex. App.CDallas
1987), pet. dism=d, 784
S.W.2d 688 (Tex. Crim. App. 1990) (en banc) (holding indictment against
defendant alleging Apurchase
of child@ did not
violate article pertaining to joinder of certain offenses, despite claim that
it alleged multiple means for commission of the offense or alleged more than
one offense in a single paragraph; allegations that defendant gave money to
pregnant woman for purposes of acquiring child to place for adoption complied
with Tex. Code Crim. Proc. Ann.
art. 21.24); Carlock v. State, 8 S.W.3d 717,721 (Tex. App.CWaco
1999, pet. ref=d) (stating, AIt has
long been held that where there are several ways or means by which an offense
may be committed set forth in the same statute, and those ways or means are
subject to the same punishment, they may be charged conjunctively in one
paragraph@).[7]  The State may specifically allege, in the conjunctive or
disjunctive, any or all of the statutorily‑defined types of conduct
regarding an offense.  State v. Carter,
810 S.W.2d 197, 199 (Tex. Crim. App. 1991) (en banc) (citing Ferguson,
622 S.W.2d at 851).  Such a charging
instrument still places a defendant on clear notice of what the State will
attempt to prove at trial.  Id.
(citing State v. Winskey, 790 S.W.2d 641 (Tex. Crim. App. 1990) (en
banc)).  

A
defendant is constitutionally entitled to know what behavior he allegedly
engaged in so that he can properly prepare a defense to that allegation.  Id. (citing Ferguson, 810
S.W.2d at 850B51).  Under the constitutional guarantee of
adequate notice, a defendant may not Abe left
to guess or assume that the State [is] going to prove one or all the types of
[statutorily‑defined] conduct.@  Id. (citing Ferguson, 810
S.W.2d at 851). 








The information
in this case met the standard set forth in Ferguson and Carter for
providing notice.  It identified several
ways (resisting arrest, search, or transportation) a single offense
(intentionally preventing or obstructing a peace officer in the completion of
his duties by using force) could be committed. 
Each of these ways of committing the offense were set forth in the same
statute, and were subject to the same punishment.  Because appellant was not entitled to greater
notice than that which was given to him in the information, the trial court
properly denied his motion to elect.

Accordingly,
we overrule appellant=s third
issue.

B.        Did the trial court err in admitting the videotaped evidence
of verbal resistance?

In his
motion in limine, appellant argued that the State should not be allowed to show
or refer to those portions of the videotape showing appellant=s verbalCbut not
physicalCresistance
to Palmer=s questioning.  Appellant objected to the evidence as
irrelevant and prejudicial on the grounds that oral statements do not
constitute a Ause of force@ in
violation of section 38.03.  The State
argued that the evidence was relevant to show appellant=s intent
to use physical force against Palmer. 
The trial court denied the motion, finding appellant=s verbal
actions to be part of the resistance.  We
agree.

1.         Standard of Review








The Texas Rules of Evidence favor
admissibility of relevant evidence and the presumption is that relevant
evidence will be more probative than prejudicial.  Smith v. State, 105 S.W.3d 203, 207
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (citing Montgomery v. State,
810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (en banc)); Tex. R. Evid. 403.  The
burden is on the opponent of the proffered evidence to demonstrate the negative
attributes of the evidence and to show how these negative attributes
substantially outweigh the probative value of the evidence.  Id. 
Further, an appellate court reviewing the trial court's decision to
admit certain evidence may reverse it only for an abuse of discretion, i.e.,
only when it is outside the zone of reasonable disagreement.  Id. (citing Guzman v. State,
955 S.W.2d 85, 94 (Tex. Crim. App. 1997) (en banc); Apolinar v. State,
155 S.W.3d 184, 186 (Tex. Crim. App. 2005). 
An abuse of discretion occurs only when the trial judge=s
decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

2.         Analysis 

The videotape in this case shows the
entire traffic stop from beginning to end. 
While the videotape depicts appellant=s harsh language toward Palmer, it
also shows the escalating degree of force appellant used in pulling against
Palmer as Palmer led him to the patrol car. 
Palmer testified that appellant was belligerent and continually cursed,
yelled, and screamed at Palmer.  He
further stated appellant repeatedly pulled against him, and was able to break
his grasp.  Although appellant reurged
his objections to admitting the videotape, he did not object to Palmer=s testimony.  Although appellant now contends that the
prosecutor compounded error by Aargu[ing] over and over@ during closing arguments that Palmer
received a great deal of verbal abuse from the appellant, appellant did not
object to those comments.[8]

Section
38.03 only prohibits conduct that is intentional.  In addition to showing the escalating degree
of force appellant used, the audio portion of the tape was relevant in deciding
whether appellant intentionally used force against Palmer.  For example, the tape revealed that
immediately after Officer Palmer told appellant he would be taken to jail,
appellant twice told the officer Ayou=re going to regret this,@ and repeatedly said Aget your hands off of me.@ 
Although Palmer testified that he outweighed appellant by almost a
hundred pounds, the videotape showed appellant pulling Palmer up an
incline.  Appellant was not merely
pulling away from the officer, but pulling the officer.








Viewing the entire videotape and
Palmer=s testimony, we cannot say the
probative value of the videotape is substantially outweighed by its prejudicial
effect.  See Tex. R. Evid. 403.  Palmer testified without objection to a
similar course of events and some of the dialogue contained in the
videotape.  The
videotape was helpful to the jury because it placed Palmer=s
testimony about appellant=s
increasing use of force against him in the proper context and provided an
objective measure of that force.  It also
provided objective evidence that appellant=s use of
force was intentional.  We conclude the
trial court=s decision to admit the videotape
was well within the zone of reasonable disagreement, and therefore overrule
appellant=s fourth issue.  See Apolinar, 155 S.W.3d at 186. 

C.        Is
the Evidence Legally and Factually Sufficient to Support the Conviction?

In his first two issues, appellant
contends the evidence is legally and factually insufficient to support the jury=s finding that he resisted arrest and
resisted transportation.  In support of
his argument, he argues that there is no evidence to show he performed any act
that could be construed as resisting arrest.[9]  He also argues that his actions could not be
interpreted as resisting transportation. 
Although appellant separated these two issues in his brief, we consider
them under the same standard of review.

1.         Standard
of Review

When an appellant challenges both the
legal and factual sufficiency of the evidence, we address the legal sufficiency
challenge first because an affirmative finding on that issue will result in a
rendition of a judgment of acquittal, while a finding of factual insufficiency
warrants a remand for a new trial.  Nickerson
v. State, 69 S.W.3d 661, 668 (Tex. App.CWaco 2002, pet. ref=d). 









When conducting a legal sufficiency
review, we must determine whether, after viewing the evidence in the light most
favorable to the verdict, a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Moff v. State, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004).  During this process, we do not re‑evaluate
the credibility of witnesses or the weight of evidence, and we will not
substitute our judgment for that of the fact‑finder.  Johnson v. State, 967 S.W.2d 410, 412
(Tex. Crim. App. 1998).  We affirm the
judgment if any rational trier of fact could have found the elements of the
offense beyond a reasonable doubt.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997) (en banc).

In reviewing the evidence for factual
sufficiency, we view it neutrally, setting aside the verdict only if (1) the
evidence supporting the verdict, if taken alone, is too weak to sustain the
finding of guilt beyond a reasonable doubt, or (2) the contrary evidence is so
strong that the State could not have met its burden of proof beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).  In our evaluation of the evidence, we must be
deferential to the jury=s findings and resist intruding on its role as the sole judge
of the witnesses= credibility and of the weight to be given to the
evidence.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc). 

2.         Analysis

Although
appellant separates his sufficiency issues into resisting arrest and resisting
transportation, the judgment reflects that appellant was convicted of a single
offense.  To obtain a conviction, the
State was required to prove appellant intentionally prevented or obstructed
Palmer, a person appellant knew to be a police officer, from effecting the
arrest or transportation of appellant by using force against Palmer.  See Tex.
Pen. Code Ann. ' 38.03(a)
(Vernon 2002).  








An arrest
is a process with a beginning and an end, the end being a successful
restriction of liberty of movement by either force or submission.  See Medford v. State, 13 S.W.3d 769,
773 (Tex. Crim. App. 2000).  Appellant
argues nothing in the record shows he resisted arrest because the (1) videotape
shows him turning around and placing one hand behind his back after Palmer told
him he was being arrested, and (2) Palmer stated that at that point, he was Ain
control of the situation.@  

Appellant
further claims he did not resist transportation because Amerely
pulling away@ from the officer is not
sufficient to resist transportation, nor did appellant Ashove the
officer or hit the officer or touch the officer in any way.@  But, the videotape shows that as Palmer led
appellant to the patrol car, appellant attempted to twist away from Palmer=s grasp,
and pulled Palmer up an incline, away from the patrol car.  The record also reflects that out of the
camera=s view, appellant
was able to break Palmer=s grasp
and Apull
[Palmer] off [his] feet.@  Further, as Palmer attempted to place
appellant in the patrol car, appellant repeatedly pulled Palmer away from the
door=s lock,
causing Palmer to have to Astruggle@ to
unlock the door.  Palmer also testified
that after appellant was placed in the patrol car, he was told not to kick the
window, but continued to do so.  The
videotape demonstrates the shaking of the patrol car as appellant kicked the
window with enough force to dislodge it. 
Palmer testified without objection that another officer was standing Aright
there next to the car,@[10] and that
the appellant=s actions at this time might have
been directed at the other officer. 








Viewing the
evidence in the light most favorable to the verdict, we conclude a reasonable
juror could have found beyond a reasonable doubt that appellant resisted arrest
or transportation.  See Moff,
131 S.W.3d at 488.  The evidence showed
appellant intentionally obstructed Palmer, a person appellant knew to be a
peace officer, from effectuating appellant=s arrest
or transportation by using force against Palmer.  Further, when the evidence is cast in a
neutral light, we are not convinced the evidence supporting conviction, taken
alone, is too weak to sustain the jury=s finding
of guilt beyond a reasonable doubt, nor is the contrary evidence so strong that
the State could not have met its burden of proof beyond a reasonable
doubt.  Zuniga, 144 S.W.3d at 484B85.  Accordingly, we overrule appellant=s first
and second issues concerning sufficiency of the evidence.

IV.  Conclusion

In sum,
we conclude Section 38.03 encompasses various ways of committing the single
offense of resisting arrest, search, or transportation.  Appellant was charged by information with
violating section 38.03 in three different ways, and received sufficient notice
of the need to defend against evidence of resisting arrest and resisting
transportation.[11]  Appellant specifically agreed to separate
jury questions on resisting arresting and resisting transportation, and the
evidence was legally and factually sufficient to support the jury=s
unanimous finding on both of these issues. 
The trial court did not err in admitting the challenged portions of the
videotape of appellant=s traffic
stop; the tape provided evidence that appellant used force against a police
officer effecting an arrest or transportation, and that appellant did so
intentionally.  

Having
overruled each of appellant=s
objections and sustained each challenged ruling, we affirm the judgment of the
trial court.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Substitute Opinion filed
December 13, 2005.

Panel consists of Justices Edelman, Seymore, and
Guzman.

 

 











[1]  Appellant=s sentence was suspended and he was placed on
community supervision for 180 days.





[2]  The State
abandoned the allegation that appellant resisted a search.





[3]  See Carlock v. State, 8 S.W.3d 717, 721 (Tex. App.CWaco 1999, pet. ref=d) (stating, AIt has long been held that where
there are several ways or means by which an offense may be committed set forth
in the same statute, and those ways or means are subject to the same
punishment, they may be charged conjunctively in one paragraph@).





[4]  See Queen
v. State, 662 S.W.2d 338, 340 (Tex. Crim. App. 1983) (en banc) (noting, AWe observe then that the Ferguson opinion
stands for the proposition that an indictment for the delivery of a controlled
substance must specify which type or types of delivery the State would rely
upon and need not allege the precise manner by which a specified type of
delivery was performed@) (emphasis in original).  

 





[5]  If the mere
use of the word Aor@ indicated a different offense, section 38.03(a) would
not constitute three offenses, but forty-eight offenses, addressing every
combination of Aprevents or obstructs@ (two possibilities) Aa person
he knows is a peace officer or a person acting in a peace officer's
presence and at his direction@ (two possibilities) from effecting Aan arrest, search, or transportation@(three possibilities) Aof the
actor or another@ (two possibilities) by using force Aagainst the peace officer or another: (two
possibilities).  See Tex. Pen. Code Ann. ' 38.03(a) (Vernon 2005) (emphasis added).

 





[6]  But see
n.5, supra.





[7]  Though the
information in this case alleged alternate means of committing the same offense
in a single paragraph, appellant did not object to the information on that
basis.  For a complaint to be preserved on appeal, there
must be a timely objection stating the specific grounds for the ruling
sought.  Tex. R. App. P. 33.1; Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon Supp. 2002).  That is to say, the specific complaints urged
on appeal must have been made obvious to the trial court at the time trial
objections were made.  See Jones v.
State, 843 S.W.2d 92, 98 (Tex. App.CDallas 1992, pet. ref'd). 
Because appellant failed to object
to the information on the basis that a single paragraph contained more than one
means of committing the same offense, we do not address that issue.





[8]  Appellant=s own counsel asked Palmer to identify Awhich cuss word@ on the
videotape coincided with the end of appellant=s use of
force.





[9]  Appellant=s argument on this issue is likely predicated on his
claim that the portion of the videotape to which he objected in his motion in
limine was inadmissible.  Having
overruled appellant=s issue contesting the trial court=s ruling in the section above, we will consider the
contents of all admitted portions of the video as part of our legal and factual
sufficiency analysis.





[10]  The other
officer=s voice is heard on the videotape during this time,
although he is out of range of the camera.





[11]  Appellant was
aware prior to trial that the State abandoned its claim of resisting search.