Martha Hill Jamison, Justice
Appellant Lee Wayne Crofton appeals his conviction for resisting arrest. A jury found appellant guilty, appellant pleaded true to an enhancement paragraph, and the trial court assessed punishment at 120 days in jail. In a single issue on appeal, appellant contends that the evidence was insufficient to support his conviction. We affirm.
*378 Background
Officer John Paul Zepeda with the Metropolitan Transit Authority Police Department was the only witness to testify at trial. Zepeda stated that on June 23, 2016, he was patrolling a Houston transit station in his uniform when he observed appellant lying on the grass near the station. According to Zepeda, appellant "appeared to ... either [be having] a medical emergency or ... be intoxicated," was incoherent, and was "kind of rolling and kind of convulsing." Firefighters arrived on the scene shortly after Zepeda arrived.
Zepeda asked the firefighters to check appellant, and they determined that he was not suffering from low blood pressure or low blood sugar and was "okay." Zepeda said the next step was to get appellant to the sobering center, which is a place where people found to be intoxicated or under the influence of drugs can be given a chance to "sleep off whatever they've taken" rather than being arrested. Zepeda opined that the sobering center was the best place for appellant at that point to get him the help he needed, but Zepeda further explained that if a person believed to be intoxicated in public doesn't want to go to the sobering center, the alternative is to arrest the person for public intoxication.
Zepeda then attempted to gain control of appellant by applying handcuffs. However, as soon as Zepeda got the first handcuff on appellant's left wrist, appellant began rolling or twisting his body, preventing Zepeda from putting the other handcuff on appellant's right wrist. Zepeda explained that this put him (Zepeda) in a vulnerable position because when a suspect starts swinging his arm with one handcuff on it, the handcuff becomes a weapon.
According to Zepeda, appellant kept his free hand out of Zepeda's reach while rolling his body back and forth and pushing with his body against Zepeda. Appellant appeared angry during the encounter, and Zepeda told appellant that he was under arrest for public intoxication. Zepeda eventually managed to get appellant fully handcuffed with the help of two or three of the firefighters. Zepeda stated that at the time of the arrest, appellant was "obviously a danger to himself or others in the state that he[ was] in."
A jury found appellant guilty of resisting arrest. In his sole issue, appellant challenges the sufficiency of the evidence to support this finding.
Governing Law
In reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. Gear v. State , 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing Jackson v. Virginia , 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ). We consider all of the evidence adduced at trial, whether it was admissible or inadmissible. Winfrey v. State , 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. Williams v. State , 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight to be given their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. Wesbrook v. State , 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).
To obtain a conviction for resisting arrest, the State was required to prove that appellant intentionally prevented or obstructed a person he knew to be a peace *379 officer from effecting an arrest by using force against the peace officer. See Tex. Penal Code § 38.03(a).[1] To show that appellant used force in resisting arrest, the State had to prove that appellant used "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer." See Dobbs v. State , 434 S.W.3d 166, 171 (Tex. Crim. App. 2014). An arrest is a process that starts when the peace officer begins to make efforts to arrest the suspect and ends once the officer's efforts to restrain or control the suspect are completed. See Medford v. State , 13 S.W.3d 769, 772-73 (Tex. Crim. App. 2000) ; Latham v. State , 128 S.W.3d 325, 329 (Tex. App.-Tyler 2004, no pet.). A conviction for resisting arrest requires the force to occur after the arrest begins but before it ends. Latham , 128 S.W.3d at 329 ; In re M.C.L. , 110 S.W.3d 591, 596 (Tex. App.-Austin 2003, no pet.). It is not a defense to prosecution for resisting arrest that the arrest was unlawful. Tex. Penal Code § 38.03(b).
Analysis
The focus of appellant's argument is on whether Officer Zepeda was effecting an arrest at the time appellant used force to resist Zepeda's efforts.[2] Appellant insists that if Zepeda was merely attempting to detain or transport him at the time, and not arrest him, then the conviction cannot stand. See United States v. Berry , 25 F.Supp.3d 931, 937 (N.D. Tex. 2014) ; Vaughn v. State , 983 S.W.2d 860, 862-63 (Tex. App.-Houston [14th Dist.] 1998, no pet.) ; Molina v. State , 754 S.W.2d 468, 474 (Tex. App.-San Antonio 1988, no writ). Appellant further argues that the evidence shows Zepeda, at the time of appellant's alleged use of force, intended only to detain appellant and transport him to the sobering center and, therefore, was not in the process of arresting appellant.
Detentions and arrests both involve restraint on an individual's freedom of movement, but an arrest involves a comparatively greater restraint. State v. Sheppard , 271 S.W.3d 281, 290 (Tex. Crim. App. 2008). There is no bright-line test distinguishing one from the other, but courts typically consider several factors, including, but not limited to, the amount of force used to control the suspect, the duration of the detention, and the officer's expressed intent, i.e., whether he told the individual that he was under arrest or was being detained only for a temporary investigation. Id. at 291. Whether a particular encounter amounts to an arrest or detention depends on whether a reasonable person would believe the seizure would be brief given the totality of the circumstances. Vaughn , 983 S.W.2d at 862.
The conduct at issue in resisting arrest cases occurs during the process of gaining control of a suspect; thus, some of the common indicators of an arrest, such as the duration of the detention, are not available for analysis. Accordingly, courts considering such cases often examine the intent of the officer involved. See, e.g., Latham , 128 S.W.3d at 329 ("Although it is necessary for the officer to have a pre-existing intent to arrest together with some action taken pursuant to that intent, *380 the process is not dependent upon the officer verbalizing his intention to arrest."); Vaughn , 983 S.W.2d at 863 (highlighting, in reversing conviction, officer's testimony that he did not intend to arrest the suspect, only detain him, at the time of the resistance); Bruno v. State , 922 S.W.2d 292, 294 (Tex. App.-Amarillo 1996, no writ) ("[T]he process is not dependent upon the officer verbalizing his intention to arrest, though his having a pre-existing intent to arrest coupled with some action taken pursuant to that intent is necessary.").
Regarding Zepeda's intent, appellant emphasizes the portion of Zepeda's testimony in which he stated that once the firefighters finished examining appellant, the "next step" was to take him to the sobering center. While this testimony supports the conclusion that Zepeda initially may not have intended to arrest appellant, it is clear from Zepeda's further testimony that circumstances rapidly changed. As Zepeda explained, the options at that point were to either take appellant to the sobering center or arrest him for public intoxication. Zepeda described that when he placed a handcuff on appellant's left wrist, appellant appeared angry and forcefully prevented Zepeda from handcuffing the other wrist, pushed back against Zepeda, reached his arm away from Zepeda, and rolled around. At some point during the encounter, Zepeda told appellant that he was under arrest for public intoxication.
Appellant suggests that Zepeda did not testify whether he made the statement regarding arrest before or after appellant pushed him. The relevant exchange went as follows:
Q. [W]hen you handcuffed [appellant], you said you placed a handcuff on one hand. Do you recall which hand that was-or which arm that was?
A. I believe it was his left.
Q. His left arm. So were you facing the front of him at the time, or were you able to grab his arm and bring it behind him?
A. I was-already had it behind him.
Q. Okay. Do you recall [appellant] asking you why you were doing that?
A. I told him he was under arrest for public intoxication....
Q. And so I'm assuming you're trying to grab his other arm from-you're reaching around from behind Mr. Crofton to grab his other arm?
A. Correct. But he's pushing against me with his body not allowing me to do it.
The jury could have concluded from this exchange that Zepeda told appellant he was under arrest at the same time or immediately before appellant pushed him. Zepeda's statement is some evidence of his intent to arrest as opposed to merely detain or transport before appellant used force against him.
Based on this evidence, it would have been reasonable for the jury to conclude that although Zepeda may not have intended to arrest appellant at the beginning of the encounter, he developed that intention during the encounter, after which appellant resisted or continued to resist Zepeda's efforts. See Latham , 128 S.W.3d at 329 (holding officer's testimony supported jury's guilty verdict where officer described an escalating exchange with the defendant); see also Cole v. State , No. 14-03-00083-CR, 2004 WL 438657, at *2-3 (Tex. App.-Houston [14th Dist.] Aug. 31, 2004, pet. ref'd) (mem. op.) (holding testimony supported guilty verdict where officer initially intended to only remove defendant from property but defendant continued to resist officer's efforts after officer determined to arrest defendant). Certainly, a *381 reasonable person in appellant's position at the time-being told he was under arrest while being handcuffed by a uniformed officer-would have understood he was being arrested. See, e.g., Bell v. State , 881 S.W.2d 794, 799-800 (Tex. App.-Houston [14th Dist.] 1994, pet. ref'd). Accordingly, we overrule appellant's sole issue.[3]
We affirm the trial court's judgment.

Section 38.03 criminalizes resisting arrest, search, or transportation by a peace officer. Tex. Penal Code § 38.03(a). See generally Hartis v. State , 183 S.W.3d 793, 799 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (explaining that section 38.03 recognizes one offense that can be committed in several different ways). Appellant was specifically charged in this case with resisting arrest.

Appellant does not argue that the evidence was insufficient to prove that he knew Zepeda was a peace officer.

Appellant additionally contends that the circumstances in this case are similar to those we addressed in Vaughn . In that case, however, the officer testified that the defendant was not under arrest at the time he resisted but was merely being detained incident to a search. Vaughn , 983 S.W.2d at 862 (reversing conviction for resisting arrest). Because, as explained, the evidence here supports the conclusion that appellant resisted Zepeda's efforts after Zepeda determined to arrest appellant, Vaughn is inapposite.