KING FISHER v. THE STATE.

1. In a trial for the theft of sundry articles, it was error to permit the State to prove that some of the articles were stolen on the day charged in the indictment, and the remainder on a previous day. Nor was this error purged by the court instructing the jury that the defendant could not be convicted of two offenses when but one was charged in the indictment; for this instruction could not counteract the probable prejudice and injustice already done the defendant by the improper admission of the evidence, nor could it render certain which one of the offenses proved, a general verdict of " guilty " was based upon.

2. Although it was not necessary to prove that the theft was committed on the day charged, nor that every one of the alleged articles was stolen ; yet it would be in contravention of the first principles of law and of the administration of justice to permit the prosecutor, for the purpose of securing a conviction, to unite several distinct offenses in the same indictment, or to' indict a party for one offense and then prove several offenses on the trial.

3. The true rule is, that when two or more felonies are charged in the same indictment, the indictment may be quashed, or the prosecutor be compelled to elect on which charge he will proceed ; and if the fact that two or more offenses are contained in the indictment be not discovered until the trial is in progress, the prosecution should then be abandoned, except as to the one offense which the prosecutor elects to proceed upon.

APPEAL from Goliad. Tried below before the Hon. D. D. Claiborn.

The material facts are disclosed in the opinion. Two years confinement in the penitentiary was the penalty assessed by the jury.

*John A. Green* and *Pryor Lea*, for the appellant.

No brief for the State has reached the hands of the Reporter.

OGDEN, J.—The defendant was indicted for the theft from the store house of H. Greenly, on the nineteenth day of June, 1870, of a quantity of tobacco, candy, a knife and a pair of pants. On the

trial the district attorney offered to prove that defendant stole a
portion of the articles on the nineteenth of June and the balance
on the twelfth of the same month; to which evidence counsel for
the defendant objected, and moved the court to confine the evi-
dence to one date and to one offense. The objection was overruled
by the court, and the district attorney was permitted to prove,
or attempt to prove, two distinct offenses committed on two
distinct days. The court charged the jury that " the defend-
ant cannot be convicted of two offenses committed on different
days, when but one offense is charged in the indictment." And
under this charge the jury found a general verdict of guilty. We
think there was error in the ruling of the court on the admission
of testimony to prove two distinct felonies. The indictment
charged but one offense, and therefore the prosecution should have
been confined to the proof of one offense. It was not necessary to
prove the offense as charged, provided the offense is not barred, in
regard to the time; or to the articles stolen, provided that no proof
could have been received as to the theft of any article not charged
in the indictment. But we think it would be in contravention of
the first principles of law and the administration of justice to
permit the State to indict a party for one distinct offense and on
the trial to prove several in order to secure conviction, or to unite
several distinct offenses in the same indictment for the same pur-
pose. We think the correct rule is laid down in Wharton's
American Criminal law, section 416, which says: " In cases of
felony, where two or more distinct offenses are contained in the
same indictment, it may be quashed, or the prosecutor be com-
pelled to elect on which charge he will proceed. And the same
doctrine is held in Roscoe's Criminal Evidence, page 231, and in
many cases there cited. This, we believe, to be the true rule and
the one which has been uniform in this State. It is true that the
district attorney may not always be in possession of the necessary
information to enable him always to know that he is following this

rule, when drafting an indictment; but when two or more offenses are charged in one indictment it will soon be discovered on the trial, and when discovered then is the time to abandon the prosecution, excepting as to one offense. It might, and most certainly would, work a great injustice to a defendant if, when upon trial for one offense, the State should be permitted to prove or attempt to prove several other offenses, and thereby prejudice the minds of the jury. The ruling of the court on the admission of evidence and its charge to the jury were in conflict, as the one admitted evidence which the other would exclude, but not until it may have prejudiced the minds of the jury to the great damage of the defendant. The defendant was convicted of a felony, but of what particular offense it is impossible to tell. It may have been for the alleged theft of the nineteenth of June, or it may have been for that of the twelfth of June; or, which is more probable, the jury may have taken both charges into an account, and have considered that one or the other was not sufficiently made out to warrant a conviction, but that both together convinced them of the guilt of the defendant; and in either case we think the verdict incorrect, and a new trial should have been granted. The judgment is reversed and the cause is remanded.

Reversed and remanded.