**Freddrick SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–02–00660–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 17, 2003.

Randall J. Ayers, Houston, for appellants.

Peyton Peebles, III, Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and FROST.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant, Freddrick Smith, appeals a conviction for felony driving while intoxicated (DWI). He entered a plea of not guilty to the indictment, but pleaded true to the two jurisdictional paragraphs alleging prior sequential convictions for felony driving while intoxicated. The trial court assessed punishment at thirty-five years in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant contends the trial court erred in admitting the audio portion of the DWI videotape because (1) the probative value of appellant's statements were outweighed by the danger of unfair prejudice, and (2) the arresting officers violated his constitutional right to remain silent. We affirm.

At 11:00 on the night of the offense, Issay Alwady was unloading groceries from his car when he heard the loud roaring of a car engine. He looked up and saw the car driving down Synott Road, which is a divided lane road with a traffic median. The driver of the car was speeding and swerving from lane to lane. The car crossed the traffic median and began driving on the wrong side of the road where it hit a parked car. After hitting the parked car, the driver left the scene and drove down the street on the wrong side of the road. Alwady called the police and later identified appellant as the driver of the car.

Harris County Sheriff's Deputy Scott Gill responded to the dispatch about the car Alwady had seen. When Deputy Gill approached the car, the front end was heavily damaged, the front left tire was shredded, and sparks were coming from the wheel. Deputy Gill stopped appellant and asked him to exit the car. Gill testified that he smelled alcohol on appellant's breath, appellant swayed, had glassy, bloodshot eyes, and his speech was slurred. Gill arrested appellant for failure to stop and give information at an accident and for driving with a suspended driver's license. When he brought appellant to the police station, Gill conducted field sobriety tests, which appellant failed or refused to perform.

At the station, Deputy John Burton offered appellant the opportunity to take a breath test, but appellant refused. Deputy Burton then took appellant into a videotaping room. While in the video room, appellant refused to stand where he was instructed, failed to follow instructions, stayed out of camera range, and was uncooperative. During Burton's testimony, the State introduced the DWI videotape into evidence. Appellant objected to the audio portion of the videotape on the grounds that it was irrelevant under rules 401 and 402 of the Texas Rules of Evidence and that under rule 403, the prejudicial effect of appellant's statements outweighed any probative value. Specifically, appellant objected to the publication of his statements that he had been to prison. Appellant further claimed that by stating he did not want to cooperate, he invoked his constitutional right to silence. The trial court overruled appellant's objections and admitted the audio and video portions of the tape.

In his first issue, appellant contends the trial court erred in admitting the audio portion of the DWI video tape that included appellant's statements that he had been to prison before. While in the video room, Officer Burton asked appellant to stand on a line painted on the floor and appellant responded:

Appellant: I don't even want to cooperate with that to be honest with you.

Officer Burton: Okay.

Appellant: I don't want to cooperate. I don't want to stand on the line. I don't want to do nothing.

\* \* \* \* \* \*

Appellant: I don't have to cooperate. I know how it goes. Okay. I know how it goes.

Officer Burton: Let me read this to you.

Appellant: No, I want to stand right here. You're not going to read nothing to me. I don't want to stand there, I don't want to do nothing.

At this time, appellant moved away from the video camera and remained out of camera range.

Officer Burton: You don't want to do it?

Appellant: No sir, I don't want to do nothing.

Officer Burton: Why not?

Appellant: Because I don't. Because I know how it goes.

Officer Burton: How what goes?

Appellant: You've got my license already, so what else have I lost, right? I have a job, man. I don't want to do nothing. I don't want to do nothing else.

Officer Burton: Okay.

Appellant: Whatever you're going to do, lock me up, let's go, I'm ready, right now.

Officer Burton: I didn't say I was going to do that.

Appellant: I don't care, let's do it. I don't care, that's what I want to do. Let's do it right now.

Officer Burton: You want to go to jail?

Appellant: Yes, sir. Let's go. Let's do it. I don't care. It don't make me no difference.

Officer Burton: Okay. I tell you what, come stand over here (pointing to the line where appellant would be within camera range).

Appellant: No, I'm not going to stand over there.

\* \* \* \* \* \*

Appellant: No, sir, I'm not going to stand in front of no camera.

Appellant then walked toward the door of the video room. Officer Burton repeatedly asked appellant to step away from the door. Appellant argued with Burton, then lay down on the floor with his hands outstretched and visible on the video. Officer Burton asked appellant to stand and Appellant responded:

I know how the game goes. You've got my license man. What else, you think I'm stupid? I done been to prison before man. Do you think I'm stupid? No, I done been there man, alright.

You don't got to tell me. I done been to prison before man. Don't even tell me what I don't know.

■ Appellant contends the admission of his statement that he had been to prison improperly admitted evidence of prior convictions used for jurisdictional purposes. Appellant stipulated to the two prior DWI convictions alleged as jurisdictional enhancements in the indictment. When a defendant stipulates to the prior DWI convictions, the State, at the beginning of trial, may read the indictment to the jury, including allegations of those two convictions, but the State is precluded from proving the convictions during its case-in-chief. *Tamez v. State,* 11 S.W.3d 198, 202–03 (Tex.Crim.App.2000).

■ Because appellant stipulated to those convictions, the State was permitted to read the indictment to the jury at the

beginning of the trial, but was prohibited from proving the convictions during its case-in-chief. *Id.* at 202–03. Appellant contends that by admitting his statement that he had been to prison, the State violated the rule set out in *Tamez*. To the contrary, in this case, the State adhered to the rule in *Tamez* by only reading the indictment at the beginning of trial. During trial, the State did not attempt to prove appellant's prior convictions. Appellant fails to show that his statement, "I've been to prison before," is evidence regarding the jurisdictional enhancements. Appellant presented no evidence to show that the prison sentence mentioned in the video referred to the two prior DWI convictions used as jurisdictional enhancements.[1]

▮ Appellant further contends the prejudicial effect of his statements in the videotape outweigh the probative value of the evidence. *See* TEX.R. EVID. 403. Rule 403 favors admissibility of relevant evidence and the presumption is that relevant evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App.1990). The burden is on the opponent of the proffered evidence to demonstrate the negative attributes of the evidence and to show how these negative attributes substantially outweigh the probative value of the evidence. *Id.* Further, an appellate court reviewing the trial court's decision to admit certain evidence may reverse it only for an abuse of discretion, *i.e.*, only when it is outside the zone of reasonable disagreement. *Guzman v. State*, 955 S.W.2d 85, 94 (Tex. Crim.App.1997).

▮ The audio portion of the DWI videotape was relevant to the contested issue of whether appellant was intoxicated. Be-

cause the definition of "intoxicated" includes "not having the normal use of mental or physical faculties," any sign of impairment in the appellant's ability to speak is circumstantially relevant to whether he was legally intoxicated while driving. *See Griffith v. State*, 55 S.W.3d 598, 601 (Tex.Crim.App.2001). Thus, evidence of appellant's speech, including his tone of voice and words were relevant to whether appellant had lost the normal use of his mental or physical faculties because it showed appellant's condition and behavior at the time of the offense. Appellant has failed to overcome the presumption that this relevant evidence is more probative than prejudicial. Accordingly, the trial court did not abuse its discretion in admitting the audio portion of the DWI videotape. Appellant's first issue is overruled.

▮ In his second issue, appellant contends the trial court abused its discretion in admitting the audio portion of the DWI videotape because appellant exercised his rights to remain silent and to terminate the interview. An individual may not be penalized for exercising his Fifth Amendment rights when he is under custodial interrogation. *Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim.App.1991) (citing *Miranda v. Arizona*, 384 U.S. 436, 468, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966)). However, police requests to perform sobriety tests, directions on how to perform the tests, and queries concerning a suspect's understanding of his rights do not constitute interrogation. *Kalisz v. State*, 32 S.W.3d 718, 721 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). A DWI videotape should not be suppressed unless the police seek to elicit a testimonial response not normally incident to arrest and

---

1. In his brief, appellant contends that during closing argument, the State attempted to tie appellant's statements about having been to prison to the jurisdictional paragraphs.

However, appellant failed to object to that argument, so no error is preserved. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim. App.1996).

custody, or the police conduct is reasonably likely to elicit a response. *Jones v. State,* 795 S.W.2d 171, 175 (Tex.Crim.App. 1990).

Here, during the DWI videotape, appellant made the following statements, "I don't want to cooperate. I don't want to stand on the line. I don't want to do nothing. I don't have to cooperate. I know how it goes." Appellant contends that by making those statements, he clearly invoked his right to silence. At the time appellant made those statements, however, he was not subject to custodial interrogation. Police questioning incident to a videotaped sobriety test is activity normally attendant to arrest and custody, not interrogation under *Miranda. See Jones,* 795 S.W.2d at 172. The record reflects that Officer Burton did not attempt to interrogate appellant, but asked him to stand on a line while the officer read something to him. Appellant's repeated statements that he was not going to cooperate were not the subject of custodial interrogation; therefore, they were admissible. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.