Affirmed and Memorandum Opinion filed September 10, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00608-CR

_______________

 

TONY LAMAR JACKSON, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                  
                                                                                             

On Appeal from the 241st District Court

Smith County, Texas

Trial Court Cause No. 241-1241-07 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Tony Lamar Jackson, of unlawful
possession of a firearm by a felon.  On appeal, he presents two issues for our
review.  In the first issue, he argues the trial court erred in excluding
mitigating evidence during the punishment phase.  In the second issue,
appellant challenges the legal and factual sufficiency of the evidence
supporting the conviction.  Finding no reversible error in the issues
presented, we affirm.

 








Background

Appellant was previously convicted of the felony offenses of
unlawful possession of a short-barreled firearm and aggravated assault.  On
April 30, 2007, witnesses at a nearby home contacted police after they saw him
fire a gun from his front porch.  When officers arrived at appellant=s home, they discovered a gun on his
porch, and they arrested him after he admitted that he had fired the gun. 

Appellant was indicted for unlawful possession of a firearm
by a felon.  See Tex. Penal Code Ann. ' 46.04(a)(1) (Vernon Supp. 2008). 
Following a motion by defense counsel and examination of appellant by a
psychiatrist, the State and the defense agreed to a finding of appellant=s incompetency to stand trial.  On
September 20, 2007, the court ordered appellant=s commitment to the North Texas State
Hospital for a period not to exceed 120 days.

Following treatment at the Hospital, the trial court
determined that appellant was competent to stand trial, and the jury ultimately
convicted him of unlawful possession of a firearm by a felon.  Prior to the
punishment phase and outside the presence of the jury, the trial judge
indicated that appellant would not be allowed to introduce evidence relative to
the proceedings to determine his competency to stand trial.  The trial court,
however, otherwise permitted appellant to testify about his mental illness and
related treatment he received in the past.  Significantly, defense counsel did
not object or otherwise attempt to introduce evidence related to the competency
proceedings.  The jury sentenced him to twenty years= confinement.[1]









In two issues presented on appeal, appellant argues that the
trial court improperly excluded evidence of his recent mental health treatment
during the punishment phase, and that the evidence is legally and factually
insufficient to support the conviction.

Analysis 

Exclusion of Evidence at Punishment 

In the first issue, appellant argues the trial court erred in
excluding evidence related to the competency proceedings.  Appellant claims the
trial court deprived him of the opportunity to present evidence of his
treatment at the North Texas State Hospital as a mitigating factor at
punishment. 

Generally, we review a trial court=s admission or exclusion of evidence
for an abuse of discretion.  See Green v. State, 934 S.W.2d 92, 101B02 (Tex. Crim. App. 1996); Isenhower
v. State, 261 S.W.3d 168, 178 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
We will not disturb a trial court=s evidentiary ruling unless it was so
clearly wrong as to lie outside the zone of reasonable disagreement.  See
Hartis v. State, 183 S.W.3d 793, 801B02 (Tex. App.CHouston [14th Dist.] 2005, no pet.).

In this case, the trial court=s indication that it would not  allow
testimony related to the competency proceedings did not relieve appellant of
the responsibility to at least make an offer of proof of the evidence that he
sought to present to the jury and obtain a ruling from the trial court.  See
Tex. R. Evid. 103(a)(2); Fuller v. State, 827 S.W.2d 919, 929
(Tex. Crim. App. 1992).  Because appellant failed to make an appropriate offer
of proof and otherwise obtain a ruling excluding the evidence, appellant=s argument has not been preserved for
our review.  See Fuller, 827 S.W.2d at 929.  Consequently, we overrule
appellant=s first issue.

 

 








Legal and Factual Sufficiency 

In his second issue, appellant argues that the evidence
presented at trial was legally and factually insufficient to support the
conviction.  Specifically, appellant claims that the State presented no
evidence indicating that the weapon appellant was accused of possessing
actually qualified as a Afirearm@ under the statutory definition. 

The standards of review for legal and factual sufficiency are
well-known.  In evaluating a legal sufficiency claim attacking a jury=s finding of guilt, we must view the
evidence in the light most favorable to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether we believe
the evidence at trial established guilt beyond a reasonable doubt.  Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  Rather, we determine
only whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d
384, 389 (Tex. Crim. App. 2000).  

When conducting a factual sufficiency review, we review the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We determine whether (1) the evidence introduced to support
the verdict is Aso weak@ that the fact finder=s verdict seems Aclearly wrong and manifestly unjust,@ or (2) considering conflicting
evidence, the fact finder=s verdict is nevertheless against the great weight and
preponderance of the evidence. Id. at 414B15. 

A person who has been convicted of a felony commits an
offense if he possesses a firearm before the fifth anniversary of his release
from confinement or supervision, including parole.  Tex. Penal Code Ann. ' 46.04(a)(1) (Vernon Supp. 2008).  A
firearm is defined as Aany device designed, made, or adapted to expel a projectile
through a barrel by using the energy generated by an explosion or burning
substance or any device readily convertible to that use.@  Id. ' 46.01(3). 








Appellant does not challenge the sufficiency of the evidence
establishing his prior felony conviction or the evidence demonstrating that he
was on parole for that offense at the time of his arrest.  Instead, he contends
only that the evidence presented at trial was both legally and factually
insufficient to establish that he possessed a Afirearm,@ as defined by section 46.01. We
disagree.

Appellant admitted that he fired a gun both to the officers
when they arrived at his home and again on the witness stand during the guilt
phase of trial.  Another witness testified that he saw appellant fire a rifle
from his front porch. Officers Larry Christian and Tom Whitworth testified that
they were dispatched to appellant=s home because of a call reporting
the alleged gun shot, and when the officers arrived, they located a shotgun on
appellant=s front porch.

Reasonable inferences that a firearm was utilized fall within
the sole purview of the jury.  See Hooper v. State, 214 S.W.3d 9, 13
(Tex. Crim. App. 2007).  Thus, evidence may be sufficient for a rational jury
to conclude that a Afirearm@ was used when only a Agun@ is mentioned at trial.  Carter v.
State, 946 S.W.2d 507, 511 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d) (concluding testimony that
defendant used a gun was sufficient to prove he used a firearm as charged in
the indictment); see also Wright v. State, 591 S.W.2d 458, 459 (Tex.
Crim. App. 1979) (holding A[t]estimony using any of the terms >gun,= >pistol,= or >revolver= is sufficient to authorize the jury
to find that a deadly weapon was used@ in an aggravated robbery).  Here,
appellant concedes in his brief that the weapon he is accused of possessing is
described as a Arifle,@ Ashotgun,@ and Afirearm@ at various points throughout the trial record.  Thus, the
jury could have easily determined from the evidence presented that appellant
possessed a firearm as defined by the code.[2]








We conclude that the evidence presented at trial, viewed in a
light most favorable to the verdict, is sufficient for a rational trier of fact
to have found that appellant possessed a firearm.  See Carter, 946
S.W.2d at 511.  Likewise, when viewed in a neutral light, the evidence is not
so weak, or so outweighed by contrary evidence, as to render the verdict
clearly wrong and manifestly unjust.  Appellant=s second issue is overruled.  

Conclusion

Accordingly, the judgment of the trial court is affirmed.

 

 

 

/s/        Kent C. Sullivan

Justice

 

Panel
consists of Justices Yates, Guzman, and Sullivan.

Do Not
Publish C Tex.
R. App. P. 47.2(b).

 

 

 









[1]           Appellant was prosecuted for unlawful
possession of a firearm by a felon, a third-degree felony.  See Tex.
Penal Code Ann. ' 46.04 (Vernon Supp. 2008).  However, the indictment
alleged a prior felony as an enhancement, making the offense punishable as a
second-degree felony.  See Tex. Penal Code Ann. ' 12.42(a)(3) (Vernon Supp. 2008).  Appellant=s punishment falls within the statutory range for a
second-degree felony.  See Tex. Penal Code Ann. ' 12.33 (Vernon 2003).  





[2]           Despite appellant=s suggestion to the contrary, expert testimony is not
required on the issue of what constitutes a Afirearm.@  This is a subject well within the knowledge and
experience of ordinary persons; there is noAspecialized
knowledge@ needed to assist the trier of fact.  See Tex.
R. Evid. 702; Holloway v. State, 613 S.W.2d 497, 500B01 (Tex. Crim. App. 1981).